UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RYHANNAH COMBS,

**11 CV                    3831**

Plaintiff,

**COMPLAINT**

-against-

THE CITY OF NEW YORK, a municipal entity;
New York City Police Supervisors and Commanders
RICHARD and RACHEL ROEs 1-5; New York City
Police Officer KENN; New York City Police Officer
MICHAEL GURRERA, Shield No. 00356; New York
City Police Officers JOHN and JANE DOES 1-10;
individually and in their official capacities, jointly
and severally, (the names John, and Jane Doe, as
well as Richard and Rachel Roe, being fictitious, as
the true names of these defendants are presently
unknown),

**JURY TRIAL DEMANDED**

Defendants.

------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive

damages, attorneys' fees, and costs pursuant to 42 U.S.C. §§ 1983 and 1988, and

the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States

Constitution, as well as and under the statutory and common law of the State of

New York, for violations of her civil rights, as said rights are secured by said

statutes and the Constitutions of the State of New York and the United States.

Plaintiff also asserts supplemental state law statutory and tort claims.

2.      It is alleged that on or about early September 2009, individual

police officer defendants made an unreasonable seizure of the plaintiff's person

by interfering with her freedom of movement and placing her under arrest

without probable cause in the vicinity of the 6th precinct in the City of New York.

It is also alleged that individual police officers used unreasonable and excessive force against plaintiff, engaged in unreasonable and discriminatory conduct during her seizure, and subjected plaintiff to excessive, unreasonably prolonged, unnecessary and punitive detention before releasing her without charge. It is also alleged that plaintiff was intentionally subjected to such unreasonable conduct by defendants based on her gender, gender identity and sexual orientation.

3.    It is alleged that on or about September 19, 2009, at or about 1:30 a.m., individual police officer defendants made an unreasonable seizure of the plaintiff's person by interfering with her freedom of movement and placing her under arrest without probable cause in the vicinity of the 6th precinct in the City of New York. It is also alleged that individual police officers engaged in unreasonable and discriminatory conduct during her seizure, and subjected plaintiff to excessive, unreasonably prolonged, unnecessary and punitive detention, as well as malicious prosecution on unfounded charges. It is also alleged that plaintiff was intentionally subjected to such unreasonable conduct by defendants based on her gender, gender identity, and sexual orientation.

4.    The defendants in this action, THE CITY OF NEW YORK, a municipal entity; New York City Police Supervisors and Commanders RICHARD and RACHEL ROEs 1-5; New York City Police Officer KENN; New York City Police Officer GURRERA, Shield No. 00356;  New York City Police Officers JOHN and JANE DOES 1-10, individually and in their official capacities, jointly and severally, implemented, enforced, encouraged, sanctioned and/or ratified actions resulting in (i) false arrests of plaintiff; (ii) use of excessive force against plaintiff; (iii) discrimination against plaintiff based on sex, sexual orientation,

and gender identity; (iv) detention for an inordinate and unreasonable amount of time, and; (v) malicious prosecution of plaintiff.

5.    Plaintiff seeks (i) compensatory damages for the injuries caused by defendants' unlawful conduct; (ii) punitive damages assessed against the individual defendants to deter such intentional or reckless deviations from well-settled constitutional law; (iii) an award of attorneys' fees and costs; (iv) injunctive relief ordering the destruction of all fingerprints, in whatever form existent, taken of plaintiff pursuant to her arrest, including those fingerprints transmitted to and retained by the New York State Division of Criminal Justice Services and the FBI; (v) injunctive relief ordering that plaintiff's arrest record be expunged; and (vi) such other relief as this Court deems equitable and just.

## JURISDICTION

6.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

7.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for violation of plaintiff's constitutional, civil, statutory, and common law rights.

8.    Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 29 U.S.C. § 1367 (a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

9.      Venue is properly laid in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

10.     Plaintiff respectfully demands a trial by jury of all issues in this action and on each and every one of her damage claims, pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

11.     Plaintiff RYHANNAH COMBS is and was at all relevant times, a resident of the City and State of New York.

12.     Defendant the CITY OF NEW YORK ("the City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13.     Defendant the CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the CITY OF NEW YORK.

14.     Defendant New York City Police Officer KENN was the officer who first approached Ms. Combs in connection with the incident in early September 2009, during which Ms. Combs was detained and subjected to excessive force before being released without charge, and at all times hereinafter mentioned was a duly sworn police officer of the New York City Police Department and was

4

acting under the supervision of said department and according to his official duties.

15.    Defendant New York City Police Officer GURRERA, Shield No. 00356, was the arresting officer in connection with the incident which took place on September 19, 2009.

16.    New York City Police Supervisors and Commanders RACHEL and RICHARD ROEs 1-5; New York City Police Officer KENN; New York City Police Officer GURRERA, Shield No. 00356; and New York City Police Officers JOHN and JANE DOES 1-10; are NYPD Command and Police Officers who were involved in the discriminatory treatment and abusive conduct toward, arrest, transport, and detention of the plaintiff, and all of the actions and conduct associated therewith, including, *inter alia*, the proffering of charges, the approval of charges, the prosecution of plaintiff, the abuse of criminal process, and the excessive and unnecessary detention to which plaintiff was subjected, and/or actually used excessive force against, falsely arrested, discriminated against, verbally abused, transported, and/or detained the plaintiff, all without probable cause or lawful justification or privilege, or failed to intervene to prevent violations of plaintiff's constitutional rights. They are sued individually and in their official capacities.

17.    Defendants RACHEL and RICHARD ROEs; New York City Police Officer KENN; New York City Police Officer MICHAEL GURRERA, Shield No. 00356; and New York City Police Officers JOHN and JANE DOES are duly sworn, appointed, or acting officers and/or employees and/or agents of the City of New York. They include the individuals who directed and/or authorized the

unreasonable arrests and detentions of plaintiff; use of unreasonable and excessive force against plaintiff; discriminatory harassment and abuse of plaintiff; and/or actually discriminated against, arrested, transported, detained, used unreasonable and excessive force against, harassed, and/or engaged in discriminatory abuse of, and maliciously initiated a criminal prosecution against plaintiff, all without probable cause, lawful justification, privilege, or consent.

18.    At all times relevant herein, defendants RACHEL and RICHARD ROEs; New York City Police Officer KENN; New York City Police Officer MICHAEL GURRERA, Shield No. 00356; and New York City Police Officers JOHN and JANE DOES, either personally or through their subordinates, acted under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or the City of New York.

19.    Each and all of the acts of the defendants alleged herein were undertaken by said defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the CITY OF NEW YORK and/or the NYPD when engaging in the conduct described herein.

20.    At all times relevant herein, defendants acted for and on behalf of the CITY OF NEW YORK and/or the NYPD, in furtherance of their employment by defendant the CITY OF NEW YORK, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

21.     At all times relevant herein, defendants RACHEL and RICHARD ROEs; New York City Police Officer KENN; New York City Police Officer MICHAEL GURRERA, Shield No. 00356; and New York City Police Officers JOHN and JANE DOES 1-10, violated clearly established constitutional standards under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution of which a reasonable police officer and/or public official under their respective circumstances would have known.

## FACTUAL ALLEGATIONS

22.     Plaintiff RYHANNAH COMBS is a resident of the City of New York.

23.     Prior to the incidents at issue in this action, Plaintiff had no prior contact with the criminal justice system, and had never been arrested for or accused of any crime.

24.     Plaintiff was first stopped in early September 2009 while standing outside a convenience store at which she had just made a purchase in the vicinity of 6th precinct in the City of New York.

25.     At the time she was stopped, Ms. Combs was lawfully present at that location, was engaged in entirely lawful conduct, and was not violating any law or order from a police officer. There were no indicia whatsoever that she was engaged in any prostitution-related activities.

26.     Without lawful justification or probable cause, Defendant New York City Police Officer KENN and/or JOHN DOE No. 1 pulled up in front of plaintiff in a patrol car, shone a light on her, and called out to plaintiff from the car to come over to him. Although she was lawfully standing outside the convenience store where she had just made a purchase, without any probable cause Officer

KENN asked plaintiff for identification and then told her that she would be arrested for loitering for the purposes of prostitution. When Ms. Combs inquired as to the basis for such an arrest, Officer KENN responded to the effect of "I've seen girls like you come around here all the time. Just because you're dressed differently doesn't mean you're not a prostitute."

27.    Outraged, plaintiff immediately went to the 6th precinct to complain of Officer KENN's conduct. Upon arrival at the precinct, she was told to "Get out" by an officer stationed there. The officer then proceeded to attempt to handcuff her. Several other John DOE officers then charged at her and pushed her to the floor. Officer John DOE No. 2 shoved his right knee into plaintiff's face.

28.    When Plaintiff complained of pain to her ribs and face as a result of being thrown to the floor, she was taken by John DOE officers for medical treatment at Bellevue Hospital by NYPD officers. At Bellevue, she met with a physician and a psychiatrist. She was given Tylenol for pain and found to have no psychiatric condition whatsoever.

29.    Plaintiff was then transported by John DOE officers from Bellevue to Manhattan Central Booking. On the way from the hospital to Central Booking one of the DOE officers transporting her said "I'm not sitting next to that."

30.    Once at Central Booking, plaintiff was cuffed to a wall near an elevator for an extended period of time.

31.    Although initially charged with resisting arrest, plaintiff was eventually released without charge the following afternoon.

32.    Plaintiff was again arrested at or about 1:30 a.m. on September 19, 2009 in or about the vicinity of W. 11th St. and Washington Street in the City of New York.

33.    At the time of her arrest, Ms. Combs was walking in the direction of a McDonald's restaurant on West Fourth Street, in an area where several establishments were open. She was lawfully present at that location, and was not violating any law or order from a police officer. At no time did Plaintiff engage in any conduct providing any objective indicia of involvement in or intent to engage in any prostitution-related offense.

34.    Without lawful justification or probable cause, Defendant New York City Police Officer MICHAEL GURRERA; and/or JOHN DOE Nos. 3-6 pulled up behind plaintiff in two unmarked vehicles. Two men, who were not in uniform, got out of one of the cars and walked toward her. When the two men asked where she was going, plaintiff responded "to get something to eat," at which point the two men grabbed her. Two additional men exited the other car and joined the first two. Without warning or lawful justification, Defendants New York City Police Officer MICHAEL GURRERA, Shield No. 00356; and/or JOHN DOE Nos. 3-6 roughly handcuffed Ms. Combs against one of the cars and shoved her inside of it, despite knowing that they lacked probable cause to do so. Two passers-by interjected, asking the officers why they were doing what they were doing, and asserting that plaintiff was not engaged in any wrongdoing at the time she was approached by the officers. When plaintiff cried and begged them to let her go, the men told her to "Shut the fuck up" and that she was under arrest for

prostitution. When she protested that she was not a prostitute, the men responded "Tell it to the judge when you go to Central Booking."

35.     Ms. Combs' arrest was effected without a warrant or probable cause.

36.     At no time was plaintiff given an order or meaningful opportunity to disperse, advised that her conduct might be considered unlawful, or advised that her presence or conduct at that location would subject her to arrest.

37.     Ms. Combs was then transported to the 6th Precinct. Upon arrival, as her property was being vouchered, she noted that the officers listed 9 condoms among her possessions although she was not carrying any condoms at the time of her arrest.

38.     Plaintiff was detained for over 24 hours, at times under unlawful and unsafe conditions, at the 6th Precinct and 10th Precinct before she was released with a Desk Appearance Ticket.

39.     Defendant New York City Police Officer Michael GURRERA subsequently signed a criminal complaint attesting, under the penalty of perjury, that he personally observed Ms. Combs engage in acts she did not commit. The factual allegations in the complaints in question were insufficient to sustain the charges lodged against plaintiff.

40.     Defendants initiated criminal proceedings against plaintiff despite defendants' knowledge that they lacked probable cause to do so.

41.     Ms. Combs was required to appear in criminal court on approximately six separate occasions to respond to the charges brought against her by defendants.

42. On a date no later than March 6, 2010, all charges against Ms. Combs were dismissed.

43. As a direct and proximate result of defendants' actions, Ms. Combs has suffered, *inter alia*, physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, and deprivation of her constitutional rights.

## FEDERAL CAUSES OF ACTION

### First Claim for Relief
### Excessive Force in Violation of 42 U.S.C. § 1983 and
### the Fourth and Fourteenth Amendments of the Constitution

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein, and incorporating them by reference.

45. The level of force employed by defendants Defendant New York City Police Officer KENN; and/or JOHN DOEs against Ms. Combs was objectively unreasonable and violated plaintiff's constitutional rights.

46. As a result of the aforementioned conduct of the defendants, plaintiff was subjected to excessive force and sustained physical and emotional injuries.

### Second Claim for Relief
### False Arrest in Violation of 42 U.S.C. § 1983 and
### the Fourth and Fourteenth Amendments of the Constitution

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein, and incorporating them by reference.

48.    Plaintiff was subjected on two separate occasions to illegal, improper and false arrests by defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

49.    As a direct and proximate result of the foregoing, plaintiff was placed in substantial and prolonged fear for her safety, her liberty was restricted for an extended period of time, she was subjected to handcuffs and other physical restraints, without probable cause or other lawful justification, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and their counterparts under the New York State Constitution, and has suffered and will continue to suffer injury and damages as a result, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

### Third Claim for Relief
### Malicious Prosecution in Violation of 42 U.S.C. § 1983

50.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if fully set forth herein, and incorporating them by reference.

51.    Defendants misrepresented and falsified evidence before the District Attorney.

52.    Defendants did not make a complete and full statement of facts to the District Attorney, and withheld exculpatory evidence from the District Attorney.

53.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

54.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

55.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

56.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

57.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

58.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

59.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

60.     Notwithstanding the perjurious and fraudulent conduct of the defendants, the criminal proceedings against plaintiff were terminated in Ms. Combs' favor on a date no later than March 6, 2010, when all charges against her were dismissed.

### Fourth Claim for Relief
### Malicious Abuse of Process in Violation of 42 U.S.C. § 1983

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 60 with the same force and effect as if fully set forth herein, and incorporating them by reference.

62.     Defendants issued legal process to place plaintiff under arrest.

63.     Defendants arrested plaintiff in order to achieve a collateral objective beyond the legitimate ends of the legal process.

64.   Defendants acted with intent to do harm to plaintiff without excuse or justification.

65.   As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

### Fifth Claim for Relief
### Denial of Equal Protection in Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment Based on Sex and Sexual Orientation

66.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 65 with the same force and effect as if fully set forth herein, and incorporating them by reference.

67.   The conduct of defendants as heretofore described was motivated by animus against Ms. Combs on the basis of gender and gender identity.

68.   Defendants acted with intent to treat plaintiff disparately on the basis of gender and gender identity.

69.   As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

### Sixth Claim for Relief
### Failure to Intervene in Violation of 42 U.S.C.§ 1983

70.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 69 with the same force and effect as if fully set forth herein.

71.    Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

72.    The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights incurred by the use of excessive force against her, her false arrest, and unlawful and excessive detention, despite having had a realistic opportunity to do so.

73.    As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

### Seventh Claim For Relief
### Denial Of Constitutional Right To Fair Trial
### In Violation of 42 U.S.C. § 1983

74.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 73 with the same force and effect as if fully set forth herein.

75.    Defendants created false evidence against plaintiff.

76.    Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

77.    Defendants misled judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

78.    In creating and forwarding false information to prosecutors and judges, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**Eighth Claim for Relief**
**Supervisory Liability For Deprivation of Rights Under the United States Constitution and 42 U.S.C. §§ 1981 and 1983**

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 78 with the same force and effect as if fully set forth herein.

80.     By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, defendants RACHEL and RICHARD ROEs, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

81.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

82.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     Not to be subjected to excessive force;

16

E.      To be free from unwarranted and malicious criminal prosecution;

F.      To be free from malicious abuse of process;

G.      To receive equal protection under the law.

83.      As a direct and proximate result of the defendants' actions, policies, practices, and customs described above, plaintiff was subjected to unreasonable and excessive force, discriminatory and abusive conduct, unlawful arrest and detention, and has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering and mental anguish, and is entitled to compensatory damages to be determined at trial and punitive damages against the individual defendants to be determined at trial.

## PENDANT STATE CLAIMS

84.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 83 with the same force and effect as if fully set forth herein.

85.      On or about June 7, 2010, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a municipality and the entity that employs defendants, Defendant New York City Police Officer KENN; New York City Police Officer GURRERA, Shield No. 00356; JOHN and JANE DOEs 1-10 and RICHARD and RACHEL ROEs 1-5, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e.

86.    At least thirty (30) days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

87.    The City of New York demanded a hearing pursuant to General Municipal Law.

88.    A hearing was held in this matter pursuant to General Municipal law § 50-h on November 17, 2010.

89.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

90.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

91.    This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### First Claim For Relief Under New York State Law –
### Malicious Prosecution

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 91 with the same force and effect as if fully set forth herein.

93.    On or about September 19, 2009, the defendant the CITY OF NEW YORK, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

94.    Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff had not committed any crimes, that there were no exigent

circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

95.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

96.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

97.    Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff.

98.    Defendants misrepresented and falsified evidence before the District Attorney.

99.    Defendants did not make a complete and full statement of facts to the District Attorney.

100.    Defendants withheld exculpatory evidence from the District Attorney.

101.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

102.    Defendants lacked probable cause to continue criminal proceedings against plaintiff.

103.    Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff.

104.    Notwithstanding the perjurious and fraudulent conduct of defendants, proceedings against plaintiff were terminated in her favor, and all charges against plaintiff were dismissed on a date no later than March 6, 2010.

### Second Claim for Relief under New York State Law –
### Malicious Abuse of Process

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 104 with the same force and effect as if fully set forth herein.

106.    Defendant police officers issued legal process to place plaintiff under arrest.

107.    Defendant police officers arrested plaintiff to attain a collateral objective beyond the legitimate ends of the legal process.

108.    Defendant police officers acted with intent to do harm to plaintiff, without excuse or justification.

109.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### Third Claim for Relief Under New York State Law –
### Discrimination in Violation of N.Y. CLS Civ. R. § 40-c

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 109 with the same force and effect as if fully set forth herein.

111.    Defendants, in the course of the aforementioned conduct, harassed and discriminated against plaintiff on the basis of, *inter alia*, sex and disability.

112.    Plaintiff, simultaneous with filing of this Complaint, serves notice of her claim pursuant to N.Y. CLS Civ. R. § 40-c on the Attorney General of the State of New York.

113.    Plaintiff has met all jurisdictional prerequisites for assertion of a claim pursuant to N.Y. CLS Civ. R. § 40-c.

114.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, invasion of privacy, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiff respectfully requests that this Court:

  A. Grant injunctive relief requiring defendants to return to plaintiff, or where necessary to expunge and/or destroy all records of fingerprints taken in conjunction with her arrest and all other information or records concerning her arrest, to remove from all records and databases maintained by defendants any reference to plaintiff's arrest, and to request that all law enforcement agencies that received information concerning plaintiff's arrest destroy such information.

  B. Award plaintiff compensatory damages in an amount to be determined at trial.

  C. Award punitive damages against the individual defendants in an amount to be determined at trial.

  D. Award the plaintiff reasonable attorneys' fees and costs.

  E. Grant such other and further relief as this court shall find as appropriate and just.

Dated:  New York, New York
    June 6, 2011

        Respectfully submitted,

        ANDREA J. RITCHIE (AR 2769)
        995 President St., Brooklyn, NY 11225
        (646) 831-1243

22

**JUDGE CROTTY**

JS 44C/SDNY
REV. 5/2010

CIVIL COVER SHEET

11 CV 3831

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Ryhannah Combs | City of New York, RICHARD and RACHEL ROES, NYPD Officer KENN, NYPD Officer GURRERA, DOES 1-10 |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Andrea J. Ritchie, 995 President, Brooklyn, NY 11225 | Andrea J. Ritchie |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. s. 1983 and pendent state claims for malicious prosecution and abuse of process

JUN 07 2011

RECEIVED

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]    Judge Previously Assigned

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No [ ] Yes [ ]    If yes, give date _____ & Case No. _____

JUN _ 8 2011

U.S.D.C. S.D.N.Y.
CASHIERS

*(PLACE AN [x] IN ONE BOX ONLY)*     NATURE OF SUIT

ACTIONS UNDER STATUTES

| | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| **CONTRACT** | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 110 INSURANCE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY | | [ ] 430 BANKS & BANKING |
| [ ] 120 MARINE | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | 21 USC 881 | | [ ] 450 COMMERCE |
| [ ] 130 MILLER ACT | | | | **PROPERTY RIGHTS** | [ ] 460 DEPORTATION |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | [ ] 640 RR & TRUCK | [ ] 830 PATENT | (RICO) |
| | [ ] 345 MARINE PRODUCT LIABILITY | **PERSONAL PROPERTY** | [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| [ ] 151 MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | | [ ] 490 CABLE/SATELLITE TV |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 810 SELECTIVE SERVICE |
| | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/COMMODITIES/EXCHANGE |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | **LABOR** | [ ] 862 BLACK LUNG (923) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 190 OTHER CONTRACT | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 864 SSID TITLE XVI | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
| [ ] 196 FRANCHISE | **ACTIONS UNDER STATUTES** | | [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 892 ECONOMIC STABILIZATION ACT |
| | | | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 894 ENERGY ALLOCATION ACT |
| | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT | | **IMMIGRATION** | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | [ ] 463 HABEAS CORPUS-ALIEN DETAINEE | | |
| [ ] 245 TORT PRODUCT LIABILITY | | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | | | |
| | [X] 440 OTHER CIVIL RIGHTS | | | | |

<u>Check if demanded in complaint:</u>

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____ OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER_____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | | |
|---|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2a. Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment | |
| | ☐ 2b. Removed from State Court AND at least one party is pro se. | | | | | | |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☑ MANHATTAN |
|---|---|---|---|

| DATE 06/06/11 | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| | _Andrea Ritchie_ | [ ] NO |
| RECEIPT # | | ☒ YES (DATE ADMITTED Mo. 09  Yr. 2005 ) |
| | | Attorney Bar Code # AR 2769 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____MAG. JUDGE MAAS_____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)